# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. _____

LARRY SHAWN HOWARD; and MELISSA RODRIGUEZ,

Plaintiffs,

v.

RS ANTERO APARTMENTS, LLC; and REALSOURCE MANAGEMENT, LLC,

Defendants,

## COMPLAINT AND JURY DEMAND

Plaintiffs LARRY SHAWN HOWARD and MELISSA RODRIGUEZ, hereby submit their Complaint and Jury Demand against the above captioned Defendants. As grounds therefore, the Plaintiffs hereby state and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiff Larry Shawn Howard is a citizen of the New Mexico who submits to the jurisdiction of this Court.

2. Plaintiff Melissa Rodriguez is a citizen of the New Mexico who submits to the jurisdiction of this Court.

3. Defendant RS Antero Apartments, LLC ("Defendant RS Antero") is a foreign for-profit limited liability company organized under the laws of the State of Delaware and with its principal place of business in Salt Lake City, Utah. Upon information and belief, Defendant RS Antero's members are citizens of Utah. Defendant RS Antero's registered agent is Corporation Service Company, which is located

at 1900 W. Littleton Blvd., Littleton, Colorado 80120. Defendant RS Antero has agreed to waive service in this action.

4. Defendant RealSource Management, LLC ("Defendant RealSource") is a domestic for-profit limited liability company organized under the laws of the State of Colorado and with its principal place of business in Colorado Springs, Colorado. Defendant RealSource's members are citizens of Colorado and several other states. None of Defendant RealSource's members are citizens of New Mexico. Defendant RealSource's registered agent is Toria Montgomery who is located at 1432 Sandalwood Drive, Colorado Springs, Colorado 80916. Defendant RealSource has agreed to waive service in this action.

5. Defendant RS Antero owned the apartment complex and connected parking lots known as Antero Apartments (hereinafter the "Premises") at all times pertinent to this Complaint. The Premises is the location where the incident forming this Complaint occurred and is located at or near 1432 Sandalwood Drive, Colorado Springs, Colorado 80916, in the County of El Paso, State of Colorado.

6. Defendant RealSource managed the Premises at all times pertinent to this Complaint.

7. The United States District Court for the District of Colorado has jurisdiction over Plaintiffs' claims against Defendants pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this cause of action occurred within this judicial district.

## GENERAL ALLEGATIONS

9. At all pertinent times, Defendants owned, operated, managed and/or maintained the Premises.

10. At all pertinent times, the Premises was under the care, custody, and control of Defendants.

11. At all pertinent times, Plaintiffs were paying tenants/residents of the apartment complex located on the Premises and were lawfully on the Premises.

12. On February 7, 2021, Plaintiffs were in the parking lot of the Premises when they became the victims of an aggravated assault and battery. Plaintiff Larry Shawn Howard was shot with a weapon by an assailant while attempting to assist Plaintiff Melissa Rodriguez, who was being physically restrained/assaulted and carjacked by assailants in the parking lot of the Premises (hereinafter the "Subject Incident").

13. During the years prior to February 7, 2021, there had been numerous reports of dangers and incidents of criminal activity at and in the area surrounding the Premises, including car thefts, burglaries, aggravated assaults, assaults, batteries, shots fired, drug dealing, drug possession and/or trespassers, about which Defendants actually knew about or should have known about.

## COUNT I: PREMISES LIABILITY AGAINST ALL DEFENDANTS

14. On February 7, 2021, Defendants were "landowners" as defined by Colo. Rev. Stat. § 13-21-115, which includes both "an authorized agent or a person in possession of real property" and "a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property."

15. On February 7, 2021, Plaintiffs, as Defendants' paying tenants/residents living at Defendants' apartment complex were "invitees" as defined by Colo. Rev. Stat. § 13-21-115.

16. The assailants who shot and assaulted Plaintiffs were allowed to enter and remain on the Premises because Defendants unreasonably failed to exercise reasonable care to protect Plaintiffs by, among other things, failing to implement adequate security measures to prevent individuals like the assailants from entering the Premises or to deter them from remaining on the Premises.

17. Defendants had a duty to exercise reasonable care to protect Plaintiffs from dangers, like the assailants, by, among other things, implementing, policies and procedures for the protection of its invitees, like Plaintiffs.

18. Defendants unreasonably failed to exercise reasonable care to protect its invitees, by, among other things, failing to provide adequate security policies and/or security procedures for the protection of invitees, like Plaintiffs.

19. As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable care to protect Plaintiffs against dangers they actually knew

about or should have known about, Plaintiffs sustained serious injuries while on the Premises.

20. At all pertinent times, Plaintiffs were completely innocent victims who exercised ordinary care and diligence at all times herein and under the circumstances then existing.

21. Defendants breached the duty owed to Plaintiffs by unreasonably failing to exercise reasonable care to protect its invitees and keep the Premises safe.

22. Prior to and on February 7, 2021, the Premises was unreasonably repaired, maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly repair, maintain, secure, inspect, patrol, and manage said property, but unreasonably failed to exercise reasonable care to do so.

23. Defendants actually knew about or should have known about the prior violent crimes occurring on and around the Premises prior to the Subject Incident, which injured Plaintiffs.

24. Defendants failed to act upon this knowledge and implement security measures to attempt to prevent subsequent similar crimes.

25. Defendants actually knew about or should have known about the need to patrol, secure, inspect, manage, and control access to the Premises and to protect Plaintiffs and deter criminal activity from entering or occurring on the Premises prior to the Subject Incident but unreasonably failed to exercise reasonable care to do so.

26. Defendants unreasonably failed to warn their invitees, including Plaintiffs, of the dangers of the existence of the aforementioned criminal activity on the Premises and the likelihood of further criminal attacks.

27. Defendants unreasonably failed to exercise reasonable care to protect their invitees, including Plaintiffs, by, among other things, failing to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to their invitees, including Plaintiffs.

28. Defendants unreasonably failed to exercise reasonable care to protect their invitees, including Plaintiffs, and said failures proximately caused the injuries to Plaintiffs in one or more of the following ways:

    a. Failing to provide adequate security for Plaintiffs;

    b. Failing to warn Plaintiffs, of the nature and character of the Premises and surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature had occurred on the Premises and/or in the surrounding area prior to Subject Incident;

    c. Failing to warn, protect, guard, and secure the safety of the Plaintiffs, when Defendants knew or should have known that the Premises had a history of similar criminal acts being committed on the Premises and in the surrounding area, thereby creating a dangerous condition to those individuals on the Premises, including Plaintiffs;

    d. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for Plaintiffs, when Defendants knew or should have known of

foreseeable criminal acts;

  e. Failing to hire and/or retain a sufficient number of private security personnel and/or off duty police officers to patrol and/or monitor the Premises, thereby protecting Plaintiffs;

  f. Failing to have a sufficient number of security personnel in visible areas to deter crime, thereby protecting Plaintiffs;

  g. Failing to have an adequate number of security guards to protect Plaintiffs;

  h. Failing to hire and/or retain competent security guards to protect Plaintiffs;

  i. Failing to hire and/or retain properly trained security guards with reasonably skill, competence, and/or qualifications to exercise appropriate and proper security measures so that they could protect Plaintiffs;

  j. Failing to have surveillance cameras in such locations throughout the Premises to aid in deterring criminal acts including but not limited to the exterior of buildings and parking lots;

  k. Failing to have an adequate number of surveillance cameras on the Premises and surrounding areas, to aid in deterring criminal acts including but not limited to the areas of the Premises where the Subject Incident occurred;

  l. Failing to position surveillance cameras in appropriate locations and surrounding areas, including the area where the Subject Incident occurred;

  m. Failing to have and/or maintain surveillance cameras in working

condition such that every camera was able to monitor and record activity;

  n. Failing to implement adequate security policies, security measures, and security procedures necessary to protect Plaintiffs;

  o. Failing to take additional security measures after being put on notice that the security measures in force were inadequate prior to the Subject Incident;

  p. Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in a community such as the Premises;

  q. Failing to instruct Defendants' employees and/or management personnel, to instruct trespassers against loitering on its property; and

  r. By committing additional failures not yet discovered.

29. Defendants are liable for unreasonably failing to exercise reasonable care to protect Plaintiffs against dangers they actual knew about or should have known about in violation of their statutory duty under Colo. Rev. Stat. § 13-21-115.

30. Defendants are liable for unreasonably failing to exercise reasonable care with respect to dangers they created and which they actual knew about in violation of their statutory duty under Colo. Rev. Stat. § 13-21-115.

31. Defendants are liable for unreasonably failing to warn Plaintiffs of dangers not created by the Defendants that are not ordinarily present at the Premises and that the Defendants actually knew about in violation of their statutory duty under Colo. Rev. Stat. § 13-21-115.

32. Defendants are liable for willfully or deliberately causing damages to Plaintiffs in violation of their statutory duty under Colo. Rev. Stat. § 13-21-115.

**DAMAGES**

33. Plaintiffs sustained injuries and damages, which were directly and proximately caused by Defendants' violation of their statutory duties under Colo. Rev. Stat. § 13-21-115.

34. As a direct and proximate result of Defendants' violation of their statutory duties under Colo. Rev. Stat. § 13-21-115, Plaintiffs suffered economic damages, losses, and injuries, including medical expenses, lost wages (past and future), lost economic opportunities (past and future), out-of-pocket expenses and rehabilitation expenses.

35. As a direct and proximate result of Defendants' violation of their statutory duties under Colo. Rev. Stat. § 13-21-115, Plaintiffs suffered non-economic damages, losses, and injuries, including extreme physical, mental, and emotional pain and suffering, emotional distress, impairment and/or loss of enjoyment of life, fear, and embarrassment.

36. As a direct and proximate result of Defendants' violation of their statutory duties under Colo. Rev. Stat. § 13-21-115, Plaintiff Larry Shawn Howard also suffered significant disfigurement, and permanent physical impairment.

37. WHEREFORE, Plaintiffs pray that:

    a. Plaintiffs have a trial by jury;

b. Judgment be entered against Defendants for a monetary sum, in an amount to be proven at trial;

c. Plaintiffs be awarded all allowable damages as permitted under Colorado law;

d. Plaintiffs be awarded pre-judgment and post-judgment interest;

e. Plaintiffs be awarded costs of suit according to law, including but not limited to expert witness fees;

f. Plaintiffs be awarded attorneys' fees according to law for attorney time expended as a result of any frivolous position that may be taken by Defendants, or on their behalf, during the course of this litigation, including but not limited to groundlessly denying violating Colorado law or asserting any substantially groundless affirmative defense; and

g. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Submitted January 27, 2023.

/s/ Benjamin D. Van Horn

**SINTON SCOTT MINOCK & KEREW**

Adam Sinton
asinton@ssmklaw.com
Colo. Bar. No. 46911
Benjamin D. Van Horn
bvanhorn@ssmklaw.com
Colo. Bar No. 57043
1550 Market Street, Suite 400
Denver, Colorado 80202
*Counsel for Plaintiffs*