IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00239-RMR-MDB

LARRY SHAWN HOWARD and MELISSA RODRIGUEZ,

    Plaintiffs,

v.

RS ANTERO APARTMENTS, LLC and REALSOURCE MANAGEMENT, LLC,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

    Defendants RS Antero Apartments, LLC and RealSource Management, LLC ("Defendants"), through their attorneys, Dietze and Davis, P.C., submit the following Reply in Support of Motion for Leave to File Third-Party Complaint and state as follows:

    1.    Plaintiffs were assaulted on Defendants' premises and have brought suit generally claiming the Defendants failed to maintain adequate security at the apartment complex. Prior to the February 7, 2021 incident that underlies this case, the Defendants had hired Signal 88, LLC and its franchisee (collectively "Signal 88") to perform various patrols at the apartment complex. As the proposed Third Party Complaint makes clear, at the time of the incident, Signal 88 was obligated to perform both vehicle and foot patrols in the parking lot at the apartment complex to monitor the property for, among other things, non-residential traffic, theft and vandalism, and other criminal activity. And on the early morning of February 7, 2021, one of Signal 88's employees who was patrolling the subject premises generated a report relating to the incident in

1

question. Therefore, the allegations made by Plaintiffs in this lawsuit implicate the services that Signal 88 were to have been providing at the approximate time and place that Plaintiffs claim to have been injured. In addition, pursuant to the Defendants' contract with Signal 88, these Defendants were to have been named as additional insureds under Signal 88's policy and afforded a defense and indemnity for claims such those presented by the Plaintiffs.

2. Defendants tendered this matter to Signal 88 and its carrier, and both Signal 88 and its carrier have either ignored or rejected Defendants' requests that Signal 88 assume the defense and agree to indemnify the Defendants in conjunction with Plaintiffs' claim. In fact, Signal 88's carrier recently asserted the documentation provided to Defendants by Signal 88 reflecting that these Defendants were named as additional insureds pursuant to such a policy, was not in fact valid and that the carrier itself did not identify the Defendants as named additional insureds under the policy issued to Signal 88. Signal 88's evident failure to comply with its contractual obligations to name and include these Defendants as additional insureds under any and all applicable insurance policies is a breach of Signal 88's contractual obligations to the Defendants.

3. The law favors litigating all disputes arising out of an incident at the same time. Rule 14(a) provides that "at any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." A defendant must obtain leave of the court when the third-party complaint is filed more than 14 days after the original answer. *Id*. And, to be sure, "matters relating to the filing of third-party complaints . . . are within the sound discretion of the trial court." *Pub. Serv. Co. v. Dist.*

*Ct.*, 638 P.2d 772, 774 (Colo. 1981). But, a primary purpose of Rule 14 "is to resolve as many claims as possible in a single proceeding in order to conserve resources and avoid circuity of action." *Id.* at 775. This rule provides "a mechanism for disposing of multiple claims **arising** from a single set of facts in one action expeditiously and economically." *United Bank of Denver Nat'l Assoc. v. Shavlik*, 189 Colo. 280, 541 P.2d 317, 318 (Colo. 1975) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1442 (3d ed.)) (emphasis added).

4. The Defendants' proposed Third-Party Complaint seeks leave to include Signal 88 as a third-party defendant as a consequence of its breach of contract with the Defendants and to resolve all issues arising out of the February 7, 2021 assault of the Plaintiffs in one case so that all claims arising out of or related to that set of circumstances can be resolved more efficiently together.

5. Plaintiffs object to Defendants' proposed Third-Party Complaint against Signal 88 asserting (1) the contract between the Defendants and Signal 88 does not contain a specific indemnity obligation on the part of Signal 88 (seemingly addressing the merits of the proposed Third-Party Complaint, rather than the procedural propriety of including a third-party defendant); (2) other defenses by Signal 88 such as venue which Plaintiffs contend might be applicable to any dispute between the Defendants and Signal 88; and (3) a claim of decreased efficiency they believe would be created by permitting Defendants to pursue a third party claim in this case, suggesting Defendants should instead pursue a different lawsuit against Signal 88 and its carriers separate and apart from the current lawsuit.

6. As set forth above, Signal 88 and its carriers have breached and/or refused to accept their contractual obligations to defend and indemnify these Defendants in conjunction with Plaintiffs' claims. The issue is ripe for judicial resolution and this Court has jurisdiction to address and determine that dispute.

7. Whether there are legal defenses Signal 88 and its insurance company might have that relate to jurisdiction or venue are not reasons at this point in time to deny the Defendants' Motion to pursue a third-party complaint. To the extent those issues are raised by Signal 88 and its insurance companies, they can be addressed when and if actually presented.

8. Lastly, despite Plaintiffs' contentions, resolution of all issues arising out of and related to the February 7, 2021 assault of Plaintiffs by third parties is best addressed in one judicial proceeding, rather than permitting piecemeal litigation to play itself out in multiple courts, in multiple locations, at multiple times. Such fractured proceedings would benefit no party and indeed, having all parties and all insurance companies who might have potential responsibility for resolving Plaintiff's claims is ultimately in the best interest of all parties, including the Plaintiffs, as well as this Court.

WHEREFORE, the Defendants respectfully request this Court grant them leave to file the previously submitted Third-Party Complaint against Signal 88 and Signal 88 of South Colorado Springs and deem the Third-Party Complaint filed as of the date the requested Order is entered.

Respectfully submitted this 6th day of July, 2023.

        Dietze and Davis, P.C.

        */s/ William A. Rogers, III*
        William A. Rogers, III
        Christina M. Gonsalves
        2060 Broadway, Suite 400
        Boulder, CO  80302
        303-447-1375
        wrogers@dietzedavis.com
        cgonsalves@dietzedavis.com
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have duly served the within **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** upon all parties herein by filing via CM/ECF on the 6th day of July, 2023 addressed as follows:

Adam Sinton
Benjamin D. Van Horn
asinton@ssmklaw.com
bvanhorn@ssmklaw.com
1550 Market Street, Suite 400
Denver, Colorado 80202
*Counsel for Plaintiffs*

        /s/ *Cecil Kennedy*
        Paralegal